IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas Leon Taylor, | ) | Case No. 0:24-cv-07238-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Alvin S. Glenn Detention Center; Lt. Bernette; Lt. Legette; Sgt. Wannamaker; Ofc. Cunningham, *Mailroom*; Sgt. Taylor; Sgt. McClenndon; Sgt. Turpin; Lt. Dupri; Lt. Anderson; Sgt. Hardwell; Ofc. Sapp; Sgt. Summers; Ofc. Cousar; Ofc. Watkins; Ofc. Alston; A.S.G.D.C. – Medical Staff; Doctor Schafer; Lt. Walker; A.S.G.D.C. – Kitchen Supervisors and Kitchen Staff; Ms. Saxton, *Mental Health*; Mrs. Patti Green, *Mental Health Social Worker*; Director Harvey; Ofc. Dukes, *Hearing Officer*; Columbia Police Department; Norfolk Southern Train Company; Ashley Goodwin, *M.H. 5th Circuit Judicial Courts*; Dept. of Mental Health; Office of Disciplinary Counsel; State of Columbia South Carolina Municipalitys & County Counsels; Sgt. Lark, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Complaint, Plaintiff's first motion for a temporary restraining order, a Report and Recommendation of the Magistrate Judge recommending denial of Plaintiff's first motion for a temporary restraining order ("First Report"), a Report and Recommendation of the Magistrate Judge recommending summary dismissal of the action ("Second Report"), Plaintiff's motions to amend/correct

the Complaint, and Plaintiff's second motion for a temporary restraining order. [Docs. 1; 15; 31; 43; 48; 50; 52; 54; 56; 58; 60; 66.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. For the reasons stated herein, the Court accepts both Reports to the extent consistent with this Order, denies Plaintiff's motions to amend/correct the Complaint, and finds Plaintiff's second motion for a temporary restraining order moot.

## **BACKGROUND**

The Clerk docketed Plaintiff's 208-page Complaint on December 12, 2024. [Doc. 1.] Plaintiff, a pretrial detainee, alleges 31 Defendants violated his rights concerning First Amendment freedom of speech, due process, access to the courts, Eighth Amendment cruel and unusual punishment, inadequate medical treatment, the Americans with Disabilities Act, false imprisonment, and the Fourteenth Amendment. [*Id.* at 4.]

On February 13, 2025, the Magistrate Judge issued an Order directing Plaintiff to bring his Complaint into proper form. [Doc. 11.] In addition, the Magistrate Judge issued an Order identifying several deficiencies in Plaintiff's Complaint and directing Plaintiff to submit an amended complaint. [Doc. 13.] The Magistrate Judge granted Plaintiff two extensions of time to file an amended complaint. [Docs. 19; 32; *see* Docs. 15; 25.]

On March 7, 2025, Plaintiff moved for a temporary restraining order directing Defendants to ensure Plaintiff's access to the law library, legal materials, and forms for legal assistance; deliver Plaintiff's mail in a timely fashion; and provide Plaintiff with an adequate working light. [Doc. 15 at 8–9.] On April 11, 2025, the Magistrate Judge issued

2

the First Report recommending denial of Plaintiff's motion because Plaintiff failed to provide an affidavit or sworn complaint in support of the motion or "address why the court should issue a temporary restraining order before the defendants can be notified of the motion and heard in opposition" under Rule 65(b) of the Federal Rules of Civil Procedure. [Doc. 31 at 4.] Moreover, the Magistrate Judge noted that "Plaintiff . . . filed three motions since his motion for a temporary restraining order[,] . . . undercutting any argument that Plaintiff is likely to be irreparably harmed absent injunctive relief." [*Id.* at 5 n.3.] The Clerk docketed Plaintiff's objections to the First Report on April 28, 2025. [Doc. 35.]

On May 30, 2025, the Magistrate Judge issued the Second Report recommending that the Complaint be summarily dismissed without prejudice because it failed to provide a short and plain statement of Plaintiff's claims in compliance with Rule 8 of the Federal Rules of Civil Procedure. [Doc. 43 at 4.] Alternatively, the Magistrate Judge determined that the action was subject to summary dismissal because Plaintiff failed to file an amended complaint in compliance with the Magistrate Judge's prior Order. [*Id*. at 4–5.] The Clerk docketed Plaintiff's objections to the Second Report on June 16, 2025. [Doc. 46.]

Plaintiff filed seven subsequent motions to amend/correct his Complaint. [Docs. 48; 50; 52; 54; 56; 58; 60.] Each motion to amend/correct appears to be a stand-alone proposed amended complaint against separate defendants. [Docs. 48; 50; 52; 54; 56; 58; 60.] Plaintiff also filed a second motion for a temporary restraining order seeking adequate responses to Plaintiff's grievances, access to the law library and other legal materials, access to legal mail, immediate medical and mental health treatment, adherence to facility policies, replacement of Plaintiff's reading glasses, access to

3

communication with Plaintiff's attorney, and an order directing Defendants to avoid placing Plaintiff in improper classification statuses or lockup without following due process protocols.  [Doc. 66 at 26.]

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

**First Report**

In his objections to the First Report, Plaintiff accuses the Magistrate Judge of abusing judicial power but fails to address the Magistrate Judge's conclusions regarding the procedural requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure. [*See generally* Doc. 35.]  Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the First Report, the record, and the applicable law.  Upon such review, the Court accepts the First Report on the ground that

Plaintiff failed to address why he would suffer immediate injury before Defendants could be notified of the motion and heard in opposition. [Doc. 31.] Accordingly, Plaintiff's first motion for a temporary restraining order is denied. [Doc. 15.]

**Second Report**

In his objections to the Second Report, Plaintiff again accuses the Magistrate Judge of abusing judicial power. [*See generally* Doc. 46.] Regarding the Magistrate Judge's conclusion that Plaintiff failed to timely comply with a court order, Plaintiff claims Lee Correctional Institution staff deprived him of necessary legal resources and delayed forwarding his amended complaint. [*See, e.g., id.* at 20, 35; Doc. 46-1 at 6.] Regarding the Magistrate Judge's conclusion that Plaintiff's Complaint does not meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, Plaintiff states that his Complaint adequately "describ[es] the events that took place, . . . nam[es] how each of the . . . defendants were directly involved in [his] claims, [and] provid[es] all pertinent information desired and requested by the courts." [Doc. 46 at 8.]

A court may validly dismiss an action for failure to comply with an order. *See* Fed. R. Civ. P. 41(b); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (upholding involuntary dismissal under Rule 41(b) where the plaintiff "failed to respond to a specific directive from the [trial] court"); *Lutfi v. Training Etc, Inc.*, 787 F. App'x 190, 191 (4th Cir. 2019) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). In the present case, the Magistrate Judge expressly warned Plaintiff that failure to timely file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure would result in summary dismissal. [*See* Doc. 13 at 4–5.] Despite two extensions of time, Plaintiff

failed to file an amended complaint by the imposed deadline. [*See* Docs. 19; 32; *see also* Docs. 15; 25.] That said, Plaintiff filed several motions before the Magistrate Judge issued the Second Report, suggesting Plaintiff's access to legal resources and mailing materials remained unimpaired. [*See* Docs. 36 (motion for recusal filed April 28, 2025); 41 (motion for FOIA request filed May 27, 2025); 42 (motion for recusal filed May 27, 2025); *see also* Doc. 43 at 5 ("The court has granted Plaintiff every requested extension of time and he has now had over three months to file an amended complaint and proper service documents. Plaintiff claims his access to the court is being blocked by prison officials, a lack of necessary resources, and even by the court itself. However, Plaintiff's filings during the pendency of the court's orders belie this claim.").] That Plaintiff disagrees with the Magistrate Judge as to the sufficiency of the original Complaint does not justify noncompliance. [*See, e.g.,* Doc. 46 at 8–9]; *Lutfi*, 787 F. App'x at 191 (determining that "[the plaintiff's] disagreement with the court's early decisions did not relieve him of the responsibility to . . . comply with the court's order"). Moreover, even if the Court were to excuse the untimeliness of Plaintiff's subsequent motions to amend/correct [Docs. 48; 50; 52; 54; 56; 58; 60], Plaintiff's seven proposed amended complaints filed under the same case heading do not comply with the Magistrate Judge's Order directing the Plaintiff to "bring separate claims as separate actions" [Doc. 13 at 3].[1] Based on the foregoing

---

[1] A plaintiff may not file multiple complaints within a single lawsuit. *See Smith v. Monti*, No. 22-cv-435-DWD, 2022 WL 836766, at *3 (S.D. Ill. March 21, 2022) ("Although a plaintiff can either combine multiple parties concerning a single incident, or multiple incidents concerning a single party, he cannot use a single lawsuit to complain[] of multiple incidents against multiple parties that are unrelated.").

6

analysis, the Court accepts the recommendation of the Magistrate Judge as to the Second Report. [Doc. 43.] Plaintiff's Complaint is thus summarily dismissed.[2] [Doc. 1.]

Because the Complaint is subject to summary dismissal on these grounds, Plaintiff's subsequent motions to amend/correct are denied. [Docs. 48; 50; 52; 54; 56; 58; 60.] Further, Plaintiff's motion for a temporary restraining order is found as moot. [Doc. 66]; *see White v. Clarke*, No. 7:22-cv-00082, 2023 WL 1867468, at *8 (W.D. Va. Feb. 9, 2023) (denying as moot the plaintiff's motion for a temporary restraining order where the defendants' motions to dismiss and for summary judgment were granted).

## CONCLUSION

The Court has conducted a de novo review of the Reports, the record, and the applicable law. After such review, the Court accepts the Reports of the Magistrate Judge and incorporates them by reference to the extent consistent with this Order. [Docs. 31; 43.] Accordingly, Plaintiff's first motion for a temporary restraining order [Doc. 15] is

---

[2] In addition, the Complaint as it currently stands constitutes a shotgun pleading. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to submit a "*short and plain* statement of the claim showing that [he] is entitled to relief" (emphasis added). Although pro se filings must be construed liberally, they are not altogether exempt from the requirements of Rule 8. *See Adams v. Wells Fargo Bank*, No. 1:09-cv-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010) ("The leeway extended to a pro se [p]laintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8."). Accordingly, a complaint that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading" constitutes a "shotgun pleading." *SunTrust Mortg., Inc. v. First Residential Mortg. Servs.*, No. 3:12CV162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012) (internal quotation marks omitted), *Report and Recommendation adopted by* 2013 WL 505828 (E.D. Va. Feb. 8, 2013). In the present case, Plaintiff's sprawling Complaint does not adequately put Defendants on notice of the claims against them or enable a responsive answer. [*See generally* Doc. 1.]

DENIED, and Plaintiff's Complaint [Doc. 1] is DISMISSED without prejudice.[3]  Moreover, Plaintiff's motions to amend/correct the Complaint [Docs. 48; 50, 52, 54, 56, 58, 60] are DENIED, and his motion for a temporary restraining order [Doc. 66] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

November 21, 2025
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] "[G]iven that the court dismisse[s] his complaint without prejudice, [Plaintiff] may still [re]assert his claim by resubmitting the action to" this Court. *Lutfi,* 787 F. App'x at 191. However, if Plaintiff chooses to refile, he must bring any claims that do not arise out of the same transaction or occurrence as *separate lawsuits*.  *See* Fed. R. Civ. P. 20(a)(2) (providing that a plaintiff may bring a claim against multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action"); Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").